# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY T. MOORE JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1377−SMY |
| | ) | |
| MIKE RIPPERADAH, | ) | |
| PATRICK FULTON, | ) | |
| MICHAEL BUNJOCK, | ) | |
| STEVEN STRUBBERY, | ) | |
| DAVID NICHOLS, | ) | |
| KARL PANNIER, | ) | |
| MICHAEL SCOTT, | ) | |
| WILLIAM KENNY, | ) | |
| BRENDAN KELLY, | ) | |
| DEBRA PHILLIPS, and | ) | |
| JUDY DALIN | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Anthony T. Moore, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at the St. Clair County Jail. Plaintiff seeks monetary damages. Plaintiff originally filed suit on May 2, 2018 in case No. 18-cv-1047-JPG-RJD. In that case, the Court determined that Plaintiff was attempting to bring unrelated claims in the same lawsuit and severed certain claims into this action on July 11, 2018. (Doc. 1). This Court dismissed the original Complaint without prejudice for failure to state a claim upon which relief may be granted on August 23, 2018. (Doc. 7). Plaintiff filed an Amended Complaint on September 24, 2018. (Doc. 8).

1

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint: Plaintiff was housed in the "max" portion of the St. Clair County jail from August 2016 until September 2017. (Doc. 8, p. 5). The jail's rules state that inmates are supposed to be granted law library access at least

once a week. *Id*. Plaintiff was denied access to the law library approximately 80% of the time because either the law library kiosk was broken or logged out. *Id*. As a result, he did not receive enough library time to adequately determine how he wished to proceed in his federal criminal case. More time in the law library would have also helped Plaintiff to be prepared for a state trial in which he was found guilty on one Count but acquitted on the remainder. *Id*.

Plaintiff was falsely imprisoned by Steven Strubberg,[1] Brenden Kelly, Debra Phillips, Judy Dalin, all members of the State's Attorney's Office. (Doc. 8, p. 9). They colluded to hold Plaintiff "captive" in solitary confinement to cause a mental breakdown and to "make" him plead guilty and cooperate. *Id*. To that end, Strubberg limited Plaintiff's T.V. privileges, phone, and outgoing mail. *Id*. Plaintiff was also denied the right to call his attorney during crucial portions of his criminal case – specifically the preliminary hearing – which caused him to accept a plea deal that he did not want. *Id*.

## Discussion

The Severance Order designated a single claim for this action regarding Plaintiff's law library access between August 2016 and September 2017, but Plaintiff's Amended Complaint sets forth additional claims. Therefore, the Court finds it convenient to designate the following claims in the Amended Complaint, which the Court and the parties will use in all future pleadings and orders:

> **Count 1** – Ripperadah, Fulton, Bunjock, Strubberg, Nichols, Pannier, Scott, and Kenny conspired to deny Plaintiff access to the law library and from corresponding with his attorney in violation of the First Amendment and/or Fourteenth Amendment;
>
> **Count 2** – Defendants retaliated and discriminated against Plaintiff when they placed him in solitary confinement and denied him access to law library materials;

---

[1] The Court assumes that "Strubbery" and "Strubberg" are the same person.

**Count 3** – Strubberg, Phillips, Dalin, Kelly, and Kenny subjected Plaintiff to obstruction of justice when they placed him in solitary and denied him privileges to coerce Plaintiff into pleading guilty and cooperating;

**Count 4** – Strubberg, Kelly, Dalin, Phillips, and Kenny intentionally inflicted emotional distress upon Plaintiff when they prosecuted him and/or confined him in solitary confinement;

As an initial matter, while Plaintiff's Amended Complaint is silent on his status at the time of the relevant events, it appears that he was incarcerated at St. Clair County Jail because his state criminal case was remanded on appeal for a retrial which took place in April 2018. *People of the State of Illinois v. Anthony T. Moore, Jr.*, 12CF0182604 (St. Clair County, April 15, 2018). However, Plaintiff also has a federal sentence that is scheduled to run consecutively to his state sentence for a related incident. *United States v. Moore*, 13-cr-30212-DRH-1 (S.D. Ill. October 14, 2014). Therefore, based on his federal criminal case, the Court considers Plaintiff a convicted prisoner at all relevant times relevant to the instant litigation.

**Count 1**

The Seventh Circuit recognizes a two-part test to determine if prison administrators have violated an inmate's right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the inmate must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. In other words, he must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

In order to state such a claim, a plaintiff must sufficiently allege "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires the plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Previously, the Court dismissed Plaintiff's access to courts claim because he failed to identify a specific legal claim that was lost as a result of the defendants' actions during the 16-month period at issue. In the Amended Complaint, Plaintiff alleges that the following legal matters were impacted due to his lack of law library access:

- A 20-year sentence in state court that Plaintiff "would have been more ready for" if he had been granted more time to do legal research;

- A concurrent sentence of 4 years that Plaintiff was "basically tortured" to enter a plea bargain in response to;

- Plaintiff would have written to the Seventh Circuit and had them direct his "insubordinate" attorney to petition "for his appellate rights" or request certiorari or file a § 2255 petition with respect to his federal conviction;

- Plaintiff's incarceration at St. Clair County Jail deprived him of the opportunity to appeal his federal conviction, file his own writ of certiorari, or § 2255 petition

Notwithstanding these allegations, Plaintiff has still failed to sufficiently plead that he suffered a detriment based on Defendants' actions. He repeatedly asserts that he "would have been more ready for" or "would have been more prepared" etc. to face his criminal matters. But the question is not whether Plaintiff would have been better prepared, but rather whether he suffered actual harm due to a curtailment of his law library access. Significantly, Plaintiff does not allege that he

5

was unsuccessful on any legal matter due to the problems with the kiosk at the St. Clair County Jail,

With respect to his federal conviction in *United States v. Anthony T. Moore*, 13-cv-30212-DRH-1 (S.D. Ill. 2014) (hereinafter "criminal case"), Plaintiff alleges that he could have filed an appeal, a request for certiorari, or a § 2255 petition. But as the Court noted in its Screening Order for Plaintiff's original Complaint, Plaintiff did in fact file an Appeal to the Seventh Circuit and the mandate denying his Appeal issued on May 18, 2015; more than a year before the relevant period and events. (Criminal Case, Doc. 75).

Additionally, it appears that Plaintiff was represented by an attorney during all his criminal matters. Plaintiff has no right to law library access under those circumstances. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal case satisfies a state's obligation to provide legal assistance and that a prisoner had no right to demand law library access in the alternative). Plaintiff may have been dissatisfied with his representation, but that does not trigger an obligation to provide him with unlimited law library access. *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007); see also *United States v. Byrd*, 208 F.3d 592, 593–94 (7th Cir. 2000) (rejecting plaintiff's access to courts claim where inmate claimed he needed law library access because his standby counsel was a "potted plant").

As to Plaintiff's allegation that he was forced to enter a guilty plea,[2] he has not set forth facts suggesting a connection between the alleged denial of access to the law library kiosk and his plea, or between his time in segregation and his plea. He also fails to explain how allegedly not being permitted to call his attorney prior to his preliminary hearing prejudiced him. *See Martin v.*

---

[2] A review of the St. Clair County Court records, of which judicial notice may be taken, does not reflect that Plaintiff entered a plea in any 2017 St. Clair County case. In any event, the cases appear to be ongoing.

*Davies*, 917 F.2d 336, 340 (7th Cir. 1990) ("It is unclear to us how a denial of access to the library would cause Martin to plead guilty to a charge for which he was not guilty.").

For the foregoing reasons, the Court again finds that Plaintiff has failed to state a colorable claim for lack of access to the law library. Because this was Plaintiff's second opportunity to do so, Count 1 will be dismissed with prejudice.

**Count 2**

To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Plaintiff asserts that his initial placement in solitary confinement was retaliatory, but does not explain how or why. Because Plaintiff has not identified the protected conduct that he engaged in, he has not adequately pled a First Amendment retaliation claim. Accordingly, Count 2 must also be dismissed without prejudice. Should Plaintiff wish to proceed on Count 2, he should file a second amended complaint.

**Counts 3 and 4**

Counts 3 and 4 are mis-joined in this case. See, *F.R.C.P.* 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In those Counts, Plaintiff asserts claims against Defendants Strubberg, Phillips, Dalin, Kelly, and Kenny for "improper collusion" with regards to his criminal cases. These claims are wholly unrelated to Plaintiff's claims for the denial of law library access; the claims are not transactionally related nor are they against a common group of defendants. Accordingly, consistent with *George* and Federal

7

Rules of Civil Procedure 18 and 20, the Court will sever Counts 3 and 4 into a separate action against Strubberg, Phillips, Dalin, Kelly, and Kenny and open a new case with a newly assigned case number.

## Disposition

### *Severance*

**IT IS HEREBY ORDERED** that **COUNTS 3 and 4** are **SEVERED** into a new case against **Steven Strubberg, William Kenny, Brendan Kelley, Debra Phillips, and Judy Dalin**. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Amended Complaint (Doc. 8); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 3).

**IT IS FURTHER ORDERED** that the **only claims remaining in this action, are COUNTS 1-2**.

### *Merits Review of Counts 1 and 2*

**IT IS HEREBY ORDERED** that Count 1 is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Count 2 is **DISMISSED without** prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support **Count 2** only (on or before **April 16, 2019**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, without

reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Second Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: 3/18/2019**

*/s/ Staci M. Yandle*
**U.S. District Judge**